

JCC
PDK/AKA: USAO 2021R00728

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. PWG 21 CR 481 |
| | * | |
| JEFFREY WAYNE SPENCER, | * | (Possession with Intent to Distribute |
| | * | Controlled Substances, 21 U.S.C. |
| Defendant | * | § 841(a)(1); Illegal Possession of |
| | * | Machineguns, 18 U.S.C. § 922(o); |
| | * | Forfeiture, 18 U.S.C. § 924(d)(1), |
| | * | 21 U.S.C. § 853, and 28 U.S.C. |
| | * | § 2461(c)) |
| | * | |

*******

## INDICTMENT

### COUNT ONE
(Possession with Intent to Distribute Controlled Substances)

The Grand Jury for the District of Maryland charges that:

On or about November 4, 2021, in the District of Maryland, the defendant,

**JEFFREY WAYNE SPENCER,**

knowingly possessed with the intent to distribute 400 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide ("fentanyl"), a Schedule II controlled substance, and 100 grams or more of a mixture and substance containing a detectable amount of the fentanyl analogue N-(4-Fluorophenyl)-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide ("p-fluorofentanyl"), a Schedule I controlled substance.

21 U.S.C. § 841(a)(1), (b)(1)(A)

USDC- GREENBELT
'21 DEC 9 PM 5:32

## COUNT TWO
### (Illegal Possession of Machineguns)

The Grand Jury for the District of Maryland further charges that:

On or about November 4, 2021, in the District of Maryland, the defendant,

**JEFFREY WAYNE SPENCER,**

knowingly possessed machineguns, as defined by 18 U.S.C. § 921(a)(23) and 26 U.S.C. § 5845(b), that is, (i) a Glock, Model 19, Gen 5, 9mm handgun, bearing serial number BTCV866, with a full-automatic switch installed; and (ii) a Glock, Model 23, Gen 4, .40 caliber handgun, bearing serial number TVD35, with a full-automatic switch installed.

18 U.S.C. § 922(o)

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 924(d)(1), 21 U.S.C. § 853, and 28 U.S.C. § 2461(c), in the event of the defendant's conviction on any of the offenses set forth in Counts One and Two of this Indictment.

### Narcotics Forfeiture

2. Upon conviction of the offense set forth in Count One of this Indictment, the defendant,

**JEFFREY WAYNE SPENCER,**

shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a): (1) any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense; and (2) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense.

### Firearms and Ammunition Forfeiture

3. Upon conviction of the offense set forth in Count Two of this Indictment, the defendant,

**JEFFREY WAYNE SPENCER,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in the offense.

## Property Subject to Forfeiture

4. The property to be forfeited includes, but is not limited to, the following property seized during the execution of a state search and seizure warrant from a residence associated with the defendant in Oxon Hill, Maryland, on or about November 4, 2021:

   a. a Glock, Model 19, Gen 5, 9mm handgun, bearing serial number BTCV866, and approximately 50 rounds of ammunition contained therein;

   b. a Glock, Model 23, Gen 4, .40 caliber handgun, bearing serial number TVD35, and approximately one round of ammunition contained therein;

   c. a .9mm handgun magazine containing approximately 14 rounds of ammunition;

   d. a .40 caliber handgun magazine containing approximately 11 rounds of ammunition;

   e. approximately 60 additional rounds of .9mm ammunition;

   f. approximately 5 additional rounds of .40 caliber ammunition;

   g. approximately $7,841.50 in U.S. Currency.

## Substitute Assets

5. If, as a result of any act or omission of the defendant, any such property subject to forfeiture:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third person;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be subdivided

without difficulty;

the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), shall be entitled to forfeiture of substitute property up to the value of the forfeitable property.

18 U.S.C. § 924(d)
21 U.S.C. § 853
28 U.S.C. § 2461(c)

_____
Erek L. Barron
United States Attorney

A TRUE BILL:

SIGNATURE REDACTED _____    __9 DEC 2021_____
Foreperson                                                  Date